# EXHIBIT A

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

25-02-44280-MCV

Cause No. _____

| | | |
|---|---|---|
| VANESSA SANTANA, INDIVIDUALLY AND AS NEXT FRIEND OF XXXX XXXXXXX, AND XXXXX XXXXXXX, MINOR CHILDREN | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| *Plaintiffs,* | §<br>§<br>§ | |
| vs. | §<br>§ | 293RD _____ JUDICIAL DISTRICT |
| OSCAR MACIAS SUAREZ AND TRANSPORTES BRECA SA. DE S.V. | §<br>§<br>§ | |
| *Defendants.* | §<br>§<br>§ | MAVERICK COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

To the Honorable Judge of Said Court:

COMES NOW Plaintiff Vanessa Santana, Individually and as Next of Friend of XXXX XXXXXXX, and XXXXX XXXXXXX, Minor Children, and files this her Original Petition complaining of Defendants of Oscar Macias Suarez and Transportes Breca SA. DE S.V. For cause of action, Plaintiff would respectfully show the Honorable Court and Jury the following:

## 1. DISCOVERY CONTROL PLAN

1.1. Consistent with the requirements of Texas Rule of Civil Procedure 190.4, Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

## 2. PARTIES

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

2.1.    Plaintiff Vanessa Santana ("Santana") is an individual and the biological mother of XXXX XXXXXXX and XXXXX XXXXXXX and resides in Texas.

2.2.    Defendant Oscar Macias Suarez ("Suarez") is an individual and non-resident of the United States who resides in Mexico. Pursuant to the Texas Department of Transportation, service of process of a non-resident will be accomplished by serving duplicate copies of process upon the Defendant through service to: **J. Bruce Bugg, Jr. – Chair of the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701.  (service may not be obtainable at this time for lack of address)**

2.3.    Defendant Transportes Breca SA. DE S.V. ("Breca") is a business entity who at all times was doing business is in Texas and may be served through its registered agent**: Lillian Elizondo located at 476 South Bibb St STE C 153 Eagle Pass, Texas 78852**

### 3.    MISNOMER, ALTER-EGO, ASSUMED NAME

3.1    In the event any parties are misnamed or not included herein, such event was a misnomer, or such parties are or were alter egos of parties named herein.

3.2    Pursuant to Texas Rules of Civil Procedure 28, Plaintiff hereby gives Defendants notice that they are being sued in all of their business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, and or private corporations.

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

## 4.    VENUE

4.1    Venue is proper in Maverick County, Texas because all or a substantial part of the events or omissions giving rise to the Plaintiffs' claim occurred in Maverick County.

## 5.    BACKGROUND

5.1.    On January 29, 2024, at about 10:59 A.M., Santana was lawfully operating a 2014 Dodge Dart with XXXX XXXXXXX  XXXXX XXXXXXX (minor children) as her passengers.  Plaintiff Santana was traveling northbound in the far-right lane of a ramp on Loop 480 in Maverick County, Texas.

5.2.    At the same date and time, Defendant driver Suarez, was operating a commercial motor vehicle (2007 Freightliner) while hauling a trailer traveling northbound on the right lane of Loop 480. Suarez was distracted in the vehicle and failed to break or perform an evasive maneuver to avoid colliding with Santana's vehicle.

5.3.    Investigator Mark Anthony Garza from Maverick County Sheriff's Office included in his crash report that a contributing factor to the collision was that Defendant Suarez was "Distracted in the Vehicle".

5.4.    Defendant Transportes Breca SA. DE S.V. owned, operated, controlled, and maintained the commercial motor vehicle that Suarez was operating and that caused the collision with Santana's vehicle.

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

5.5.    Defendant Transportes Breca SA. DE S.V. hired, qualified, supervised, and retained Suarez. At all times relevant to this lawsuit, Suarez was acting in the course and scope of his actual or statutory employment with Defendant Breca. Breca is vicariously liable for the negligence, reckless actions and omissions, and gross negligence of Suarez.

## 6.    NEGLIGENCE OF OSCAR MACIAS SUAREZ

6.1.    Oscar Macias Suarez ("Suarez") was negligent in the operation of the commercial motor vehicle. Suarez or the operator of Defendant's commercial motor vehicle was negligent and grossly negligent in the operation of the company motor vehicle.  Specifically, Suarez or the operator:

6.1.1. Failed to keep a proper lookout;

6.1.2. Failed to exercise due care to avoid the incident;

6.1.3. Failed to safely operate the vehicle;

6.1.4. Failed to follow industry regulations and standards;

6.1.5. Failed to follow basic training on evasive maneuvers;

6.1.6. Was reckless while operating the commercial vehicle.

6.1.7. Was operating the commercial motor vehicle while using a hand-held electronic device;

6.2.    As part of being a qualified driver of a commercial vehicle, Suarez or the operator was required to have knowledge and skills of proper space management—

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

the procedures and techniques for controlling the space around the vehicle, including:

6.2.1. Controlling space ahead/to the rear;

6.2.2. Space to the sides; and

6.2.3. Space for traffic gaps.

6.3.    As part of being a qualified driver of a commercial vehicle, Suarez or the operator was required to have knowledge and skills of proper speed management— the importance of understanding the effects of speed.

6.4.    Suarez or the operator clearly did not have the required knowledge and skill or clearly disregarded such necessary knowledge and skill given the industry standard is that an operator of a commercial vehicle should never operate the vehicle while distracted.  This standard is specific and governs this situation or is an element of a duty of care applicable to Suarez and the Defendant.

6.5.    Suarez or the operator was more than simply negligent.  His actions and omissions constitute gross negligence as defined under Texas law.

6.6.    Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiff's damages and injuries, which are described below with more particularity.

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

6.7.    Defendant Transportes Breca SA. DE S.V. is vicariously liable for the negligence of Suarez or the operator under the statutory employment doctrine as well as the doctrine of *Respondeat Superior*.

6.8.    Suarez's actions were more than simple negligence.  While operating a large commercial vehicle he was distracted and caused a collision.  Suarez clearly did not have the required knowledge and skill to operate a commercial motor vehicle or clearly disregarded such necessary knowledge and skill given the industry standard is to never operate a commercial vehicle while distracted.  This standard is specific and governs this situation or is an element of a duty of care applicable to Suarez and Defendant Transportes Breca SA. DE S.V. Suarez's actions and omissions constitute gross negligence as defined under Texas law.

6.9.    Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and damages, which are described below with more particularity.

## 7.    NEGLIGENCE PER SE

7.1.    Additionally, Defendants are liable for damages to the Plaintiff for actions of Suarez which constitute negligence per se, as the term is defined by law, by violating one or more of the following statutes, said violation proximately causing the occurrence in question and the damages to the Plaintiff:

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

7.1.1.    An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing. (b)  An operator: (1)  may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing;  and (2)  shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care. (c)  An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if: (1)  the operator is approaching and crossing an intersection or railroad grade crossing; (2)  the operator is approaching and going around a curve;

(3)  the operator is approaching a hill crest; (4)  the operator is traveling on a narrow or winding roadway;  and (5)  a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions. Tex. Transp. Code §545.351

7.1.1. An operator commits an offense if the operator uses a portable wireless communication device to read, write, or send an electronic message while operating a motor vehicle unless the vehicle is stopped. Tex. Transp. Code §545.4251

7.1.2. Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

7.2.    Plaintiff alleges that each and every, all and singular unreasonable and unjustified violations of the aforementioned statutory provision on the part of the Defendants, their agents, servants, employees and/or statutory employees, constitute negligence per se which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff as hereinafter set out.

## 8.    NEGLIGENCE OF TRANSPORTES BRECA SA. DE S.V.

8.1.    Further, Defendant Transportes Breca SA. DE S.V., was independently and directly negligent.  Defendant Breca owed a duty of care to take steps to prevent injury to the driving public by, among other things, determining the competency of a job applicant to drive one of its trucks, adequately supervising its employee-drivers, and adequately exercising control over its drivers and their driving habits. The reason for this duty of care is to promote highway safety and prevent motor vehicle collisions.  Defendant Breca had and superficially assumed the duty to hire, supervise, train, and retain only safe and qualified drivers and to keep unsafe and unqualified drivers like Suarez off public roads.

8.2.    Defendant Transportes Breca SA. DE S.V. hired, qualified, supervised, and retained Suarez.  At all times relevant to this lawsuit, Suarez was acting in the course and scope of his actual or statutory employment with Defendant Breca.  Breca is vicariously liable for the negligence, reckless actions and omissions, and gross negligence of Suarez.

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

8.3.    Defendant Breca committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of the occurrence and injuries made the basis of this lawsuit and all of Plaintiff's resulting damages.  Defendant Breca's negligent acts include, but are not limited to:

8.3.1. Failure to appropriately and adequately train Suarez;

8.3.2. Failure to appropriately and adequately supervise Suarez;

8.3.3. Failure to remain knowledgeable of Suarez's competence and qualifications;

8.3.4. Failure to enforce or implement progressive discipline policies;

8.3.5. Failure to have or enforce safety policies such as never to operate a large commercial vehicle while distracted;

8.3.6. Negligently entrusted the commercial motor vehicle to Suarez;  and

8.3.7. Negligently assigned Suarez the job when he was not competent to perform such job under the known conditions.

8.4.    Each of the foregoing negligent acts or omissions of Defendants, whether taken singularly, or in any combination, was a proximate cause of Plaintiffs' injuries and Plaintiffs' damages, which are described below with more particularity.

8.5.    Defendant was more than simply negligent.   Defendant's actions and omissions constitute gross negligence as defined under Texas law.

Copy from re:SearchTX

Electronically Filed at
2/13/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

## 9.    DAMAGES TO VANESSA SANTANA

9.1.    As a proximate result of the collision and of the negligence of the Defendants, Plaintiff suffered injuries and the following damages:

9.1.1. Reasonable and necessary medical expenses in the past;

9.1.2. Reasonable and necessary medical expenses which, in all probability, will be incurred in the future;

9.1.3. Physical pain suffered in the past;

9.1.4. Physical pain which, in all reasonable probability, will be suffered in the future;

9.1.5. Mental anguish suffered in the past;

9.1.6. Mental anguish which, in all reasonable probability, will be suffered in the future;

9.1.7. Physical impairment in the past;

9.1.8. Physical impairment which, in all reasonable probability, will be suffered in the future;

9.1.9. Disfigurement in the past;

9.1.10.    Disfigurement which, in all reasonable probability, will be suffered in the future;

9.1.11.    Loss of wage earning capacity or lost wages in the past;

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

9.1.12.    Loss of wage earning capacity or lost wages which, in all reasonable

probability, will be suffered in the future.

9.1.13.    Property Damages to the vehicle and personal property; including

costs of repair, loss of use, diminution of value, and the difference in market value.

9.2.    Because of all of the above and foregoing, Plaintiff has been damaged, and will

be damaged, in a sum within the jurisdictional limits of this Court, such monetary

relief being over $1,000,000.00 with the final awarded amount to be just and fair as

decided by a jury of Plaintiff's peers.

## 10.    DAMAGES TO XXXX XXXXXXX, MINOR CHILD

10.1.    As a proximate result of the collision and of the negligence of the Defendants,

Plaintiff suffered injuries and the following damages:

10.1.1.    Reasonable and necessary medical expenses in the past;

10.1.2.    Reasonable and necessary medical expenses which, in all probability,

will be incurred in the future;

10.1.3.    Physical pain suffered in the past;

10.1.4.    Physical pain which, in all reasonable probability, will be suffered in

the future;

10.1.5.    Mental anguish suffered in the past;

10.1.6.    Mental anguish which, in all reasonable probability, will be suffered

in the future;

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

10.1.7.    Physical impairment in the past;

10.1.8.    Physical impairment which, in all reasonable probability, will be suffered in the future;

10.1.9.    Disfigurement in the past;

10.1.10.    Disfigurement which, in all reasonable probability, will be suffered in the future;

## 11.    **DAMAGES TO XXXXX XXXXXXX, MINOR CHILD**

11.1.  As a proximate result of the collision and of the negligence of the Defendants, Plaintiff suffered injuries and the following damages:

11.1.1.    Reasonable and necessary medical expenses in the past;

11.1.2.    Reasonable and necessary medical expenses which, in all probability, will be incurred in the future;

11.1.3.    Physical pain suffered in the past;

11.1.4.    Physical pain which, in all reasonable probability, will be suffered in the future;

11.1.5.    Mental anguish suffered in the past;

11.1.6.    Mental anguish which, in all reasonable probability, will be suffered in the future;

11.1.7.    Physical impairment in the past;

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

11.1.8.     Physical impairment which, in all reasonable probability, will be suffered in the future;

11.1.9.     Disfigurement in the past;

11.1.10.    Disfigurement which, in all reasonable probability, will be suffered in the future;

## 12.    JURY DEMAND

12.1.  Plaintiff respectfully requests a jury trial and has tendered the appropriate fee.

## 13.    PRESERVATION OF EVIDENCE

13.1.  Plaintiff hereby demands Defendants, and any entities or individuals acting in concert with Defendants, preserve and maintain all of the evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including, but not limited to, electronic data, documents, and tangible items responsive to any of the discovery requests made by Plaintiff and also made the subject of any preservation letter delivered to Defendants.

13.2.  Plaintiff hereby also demands Defendants preserve, maintain, and do not alter or modify the vehicle involved in this crash, all its components, and the electronic data stored within this vehicle or data stored elsewhere that pertains to this vehicle.

13.3.  Plaintiff hereby also demands Defendants preserve, maintain, and do not alter or modify all communication devices within the vehicle involved in this crash and the data, images, and recordings created or stored within the communication device

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

or elsewhere.

## 14.    PRAYER

14.1.  Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged in a total amount in excess of $1,000,000.00, such amount being within the jurisdictional limits of this Court.  Plaintiff seeks pre-judgment interest as allowed by Texas law.

14.2.  Wherefore, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, that upon final trial of this cause, Plaintiff recovers:

14.2.1.    Judgment against Defendants for Plaintiff's damages as set forth above;

14.2.2.    Pre-judgment interest on Plaintiff's damages as allowed by law;

14.2.3.    Interest on the judgment at the legal rate from the date of judgment;

14.2.4.    Costs of court, and

14.2.5.    Such other and further relief to which Plaintiff may be entitled.

Copy from re:SearchTX

Electronically Filed at
2/18/2025 11:15 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irma A Castillo, Deputy

Respectfully submitted,


**MALTOS LAW FIRM, PLLC**
5500 UTSA Blvd., Ste. 270
San Antonio, TX 78249
Office:  210/598-8474
Fax:   210/775-5009
Email:  oscar@maltoslaw.com
           diego@maltoslaw.com
           denise@maltoslaw.com
E-Service:  e-serve@maltoslaw.com

By*: Oscar M. Hinojosa*
MANUEL C. MALTOS
State Bar No. 24050985
DIEGO J. LEVY
State Bar No. 24115016
OSCAR M. HINOJOSA
State Bar No. 24137478

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Betancourt on behalf of Oscar Hinojosa
Bar No. 24137478
elizabeth@maltoslaw.com
Envelope ID: 97486675
Filing Code Description: Petition
Filing Description: Petition
Status as of 2/18/2025 1:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elizabeth Betancourt | | elizabeth@maltoslaw.com | 2/18/2025 11:15:25 AM | SENT |
| Oscar  M.Hinojosa | | oscar@maltoslaw.com | 2/18/2025 11:15:25 AM | SENT |
| Diego JoelLevy | | diego@maltoslaw.com | 2/18/2025 11:15:25 AM | SENT |

Copy from re:SearchTX

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

Cause No. 25-02-44280-MCV

| | | |
|---|---|---|
| VANESSA SANTANA, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF XXXX XXXXXXX, | § | |
| AND XXXXX XXXXXXX, | § | |
| MINOR CHILDREN | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | 293RD JUDICIAL DISTRICT |
| | § | |
| OSCAR MACIAS SUAREZ AND | § | |
| TRANSPORTES BRECA SA. DE | § | |
| S.V. | § | MAVERICK COUNTY, TEXAS |
| *Defendants.* | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

To the Honorable Judge of Said Court:

COMES NOW Plaintiff Vanessa Santana, Individually and as Next of Friend of XXXX XXXXXXX, and XXXXX XXXXXXX, Minor Children, and files this her First Amended Petition complaining of Defendants of Oscar Macias Suarez and Transportes Breca SA. DE S.V. For cause of action, Plaintiff would respectfully show the Honorable Court and Jury the following:

## 1.    DISCOVERY CONTROL PLAN

1.1.    Consistent with the requirements of Texas Rule of Civil Procedure 190.4, Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

## 2.    PARTIES

2.1.    Plaintiff Vanessa Santana ("Santana") is an individual and the biological mother of XXXX XXXXXXX and XXXXX XXXXXXX and resides in Texas.

2.2.    Defendant Oscar Macias Suarez ("Suarez") is an individual and non-resident of the United States who resides in Mexico.  No service is requested at this time.

2.3.    Defendant Transportes Breca SA. DE S.V. ("Breca") is a business entity who at all times was doing business is in Texas. Pursuant to the Texas Department of Transportation, service of process of a non-resident will be accomplished by serving duplicate copies of process upon the Defendant through service to: **J. Bruce Bugg, Jr. – Chair of the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701.**  The Texas Department of Transportation will then immediately mail a copy of the process by registered mail, to Defendant **Carl Bres, Carretera Federal 2 #001 Km 167, Nava Coahuila 26170 Mexico or wherever he may be found.**

## 3.    <u>MISNOMER, ALTER-EGO, ASSUMED NAME</u>

3.1    In the event any parties are misnamed or not included herein, such event was a misnomer, or such parties are or were alter egos of parties named herein.

3.2    Pursuant to Texas Rules of Civil Procedure 28, Plaintiff hereby gives Defendants notice that they are being sued in all of their business or common names

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

regardless of whether such businesses are partnerships, unincorporated associations,

individuals, entities, and or private corporations.


## 4.    VENUE

4.1    Venue is proper in Maverick County, Texas because all or a substantial part

of the events or omissions giving rise to the Plaintiffs' claim occurred in Maverick

County.

## 5.    BACKGROUND

5.1.    On January 29, 2024, at about 10:59 A.M., Santana was lawfully operating a

2014 Dodge Dart with XXXX XXXXXXX  XXXXX XXXXXXX (minor children)

as her passengers.  Plaintiff Santana was traveling northbound in the far-right lane

of a ramp on Loop 480 in Maverick County, Texas.

5.2.    At the same date and time, Defendant driver Suarez, was operating a

commercial motor vehicle (2007 Freightliner) while hauling a trailer traveling

northbound on the right lane of Loop 480. Suarez was distracted in the vehicle and

failed to break or perform an evasive maneuver to avoid colliding with Santana's

vehicle.

5.3.    Investigator Mark Anthony Garza from Maverick County Sheriff's Office

included in his crash report that a contributing factor to the collision was that

Defendant Suarez was "Distracted in the Vehicle".

*Santana et, al., vs. Transportes Breca SA. DE S.V.*

**Plaintiffs' First Amended Petition**                                      Page 3 of 15

5.4.   Defendant Transportes Breca SA. DE S.V. owned, operated, controlled, and maintained the commercial motor vehicle that Suarez was operating and that caused the collision with Santana's vehicle.

5.5.   Defendant Transportes Breca SA. DE S.V. hired, qualified, supervised, and retained Suarez. At all times relevant to this lawsuit, Suarez was acting in the course and scope of his actual or statutory employment with Defendant Breca. Breca is vicariously liable for the negligence, reckless actions and omissions, and gross negligence of Suarez.

## 6.   NEGLIGENCE OF OSCAR MACIAS SUAREZ

6.1.   Oscar Macias Suarez ("Suarez") was negligent in the operation of the commercial motor vehicle. Suarez or the operator of Defendant's commercial motor vehicle was negligent and grossly negligent in the operation of the company motor vehicle.  Specifically, Suarez or the operator:

6.1.1. Failed to keep a proper lookout;

6.1.2. Failed to exercise due care to avoid the incident;

6.1.3. Failed to safely operate the vehicle;

6.1.4. Failed to follow industry regulations and standards;

6.1.5. Failed to follow basic training on evasive maneuvers;

6.1.6. Was reckless while operating the commercial vehicle.

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

6.1.7. Was operating the commercial motor vehicle while using a hand-held electronic device;

6.2.    As part of being a qualified driver of a commercial vehicle, Suarez or the operator was required to have knowledge and skills of proper space management— the procedures and techniques for controlling the space around the vehicle, including:

6.2.1. Controlling space ahead/to the rear;

6.2.2. Space to the sides; and

6.2.3. Space for traffic gaps.

6.3.    As part of being a qualified driver of a commercial vehicle, Suarez or the operator was required to have knowledge and skills of proper speed management— the importance of understanding the effects of speed.

6.4.    Suarez or the operator clearly did not have the required knowledge and skill or clearly disregarded such necessary knowledge and skill given the industry standard is that an operator of a commercial vehicle should never operate the vehicle while distracted.  This standard is specific and governs this situation or is an element of a duty of care applicable to Suarez and the Defendant.

6.5.    Suarez or the operator was more than simply negligent.  His actions and omissions constitute gross negligence as defined under Texas law.

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

6.6.    Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiff's damages and injuries, which are described below with more particularity.

6.7.    Defendant Transportes Breca SA. DE S.V. is vicariously liable for the negligence of Suarez or the operator under the statutory employment doctrine as well as the doctrine of *Respondeat Superior*.

6.8.    Suarez's actions were more than simple negligence.  While operating a large commercial vehicle he was distracted and caused a collision.  Suarez clearly did not have the required knowledge and skill to operate a commercial motor vehicle or clearly disregarded such necessary knowledge and skill given the industry standard is to never operate a commercial vehicle while distracted.  This standard is specific and governs this situation or is an element of a duty of care applicable to Suarez and Defendant Transportes Breca SA. DE S.V. Suarez's actions and omissions constitute gross negligence as defined under Texas law.

6.9.    Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and damages, which are described below with more particularity.

## 7.    NEGLIGENCE PER SE

7.1.    Additionally, Defendants are liable for damages to the Plaintiff for actions of Suarez which constitute negligence per se, as the term is defined by law, by violating

one of more of the following statutes, said violation proximately causing the occurrence in question and the damages to the Plaintiff:

7.1.1.    An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing. (b) An operator: (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care. (c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if: (1) the operator is approaching and crossing an intersection or railroad grade crossing; (2) the operator is approaching and going around a curve;

(3) the operator is approaching a hill crest; (4) the operator is traveling on a narrow or winding roadway; and (5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions. Tex. Transp. Code §545.351

7.1.1. An operator commits an offense if the operator uses a portable wireless communication device to read, write, or send an electronic message while operating a motor vehicle unless the vehicle is stopped. Tex. Transp. Code §545.4251

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

7.1.2. Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

7.2.    Plaintiff alleges that each and every, all and singular unreasonable and unjustified violations of the aforementioned statutory provision on the part of the Defendants, their agents, servants, employees and/or statutory employees, constitute negligence per se which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff as hereinafter set out.

## 8.    NEGLIGENCE OF TRANSPORTES BRECA SA. DE S.V.

8.1.    Further, Defendant Transportes Breca SA. DE S.V., was independently and directly negligent.  Defendant Breca owed a duty of care to take steps to prevent injury to the driving public by, among other things, determining the competency of a job applicant to drive one of its trucks, adequately supervising its employee-drivers, and adequately exercising control over its drivers and their driving habits. The reason for this duty of care is to promote highway safety and prevent motor vehicle collisions.  Defendant Breca had and superficially assumed the duty to hire, supervise, train, and retain only safe and qualified drivers and to keep unsafe and unqualified drivers like Suarez off public roads.

8.2.    Defendant Transportes Breca SA. DE S.V. hired, qualified, supervised, and retained Suarez.  At all times relevant to this lawsuit, Suarez was acting in the course and scope of his actual or statutory employment with Defendant Breca.  Breca is

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

vicariously liable for the negligence, reckless actions and omissions, and gross negligence of Suarez.

8.3.    Defendant Breca committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of the occurrence and injuries made the basis of this lawsuit and all of Plaintiff's resulting damages.  Defendant Breca's negligent acts include, but are not limited to:

8.3.1. Failure to appropriately and adequately train Suarez;

8.3.2. Failure to appropriately and adequately supervise Suarez;

8.3.3. Failure to remain knowledgeable of Suarez's competence and qualifications;

8.3.4. Failure to enforce or implement progressive discipline policies;

8.3.5. Failure to have or enforce safety policies such as never to operate a large commercial vehicle while distracted;

8.3.6. Negligently entrusted the commercial motor vehicle to Suarez;  and

8.3.7. Negligently assigned Suarez the job when he was not competent to perform such job under the known conditions.

8.4.    Each of the foregoing negligent acts or omissions of Defendants, whether taken singularly, or in any combination, was a proximate cause of Plaintiffs' injuries and Plaintiffs' damages, which are described below with more particularity.

8.5.    Defendant was more than simply negligent.   Defendant's actions and omissions constitute gross negligence as defined under Texas law.

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

## 9.   DAMAGES TO VANESSA SANTANA

9.1.   As a proximate result of the collision and of the negligence of the Defendants, Plaintiff suffered injuries and the following damages:

9.1.1. Reasonable and necessary medical expenses in the past;

9.1.2. Reasonable and necessary medical expenses which, in all probability, will be incurred in the future;

9.1.3. Physical pain suffered in the past;

9.1.4. Physical pain which, in all reasonable probability, will be suffered in the future;

9.1.5. Mental anguish suffered in the past;

9.1.6. Mental anguish which, in all reasonable probability, will be suffered in the future;

9.1.7. Physical impairment in the past;

9.1.8. Physical impairment which, in all reasonable probability, will be suffered in the future;

9.1.9. Disfigurement in the past;

9.1.10.      Disfigurement which, in all reasonable probability, will be suffered in the future;

9.1.11.    Loss of wage earning capacity or lost wages in the past;

9.1.12.    Loss of wage earning capacity or lost wages which, in all reasonable probability, will be suffered in the future.

9.1.13.    Property Damages to the vehicle and personal property; including costs of repair, loss of use, diminution of value, and the difference in market value.

9.2.    Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged, in a sum within the jurisdictional limits of this Court, such monetary relief being over $1,000,000.00 with the final awarded amount to be just and fair as decided by a jury of Plaintiff's peers.

## 10.    DAMAGES TO XXXX XXXXXXX, MINOR CHILD

10.1.    As a proximate result of the collision and of the negligence of the Defendants, Plaintiff suffered injuries and the following damages:

10.1.1.    Reasonable and necessary medical expenses in the past;

10.1.2.    Reasonable and necessary medical expenses which, in all probability, will be incurred in the future;

10.1.3.    Physical pain suffered in the past;

10.1.4.    Physical pain which, in all reasonable probability, will be suffered in the future;

10.1.5.    Mental anguish suffered in the past;

*Santana et, al., vs. Transportes Breca SA. DE S.V.*

**Plaintiffs' First Amended Petition**                                    Page 11 of 15

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

10.1.6.    Mental anguish which, in all reasonable probability, will be suffered in the future;

10.1.7.    Physical impairment in the past;

10.1.8.    Physical impairment which, in all reasonable probability, will be suffered in the future;

10.1.9.    Disfigurement in the past;

10.1.10.    Disfigurement which, in all reasonable probability, will be suffered in the future;

## 11.    DAMAGES TO  XXXXX XXXXXXX, MINOR CHILD

11.1.  As a proximate result of the collision and of the negligence of the Defendants, Plaintiff suffered injuries and the following damages:

11.1.1.    Reasonable and necessary medical expenses in the past;

11.1.2.    Reasonable and necessary medical expenses which, in all probability, will be incurred in the future;

11.1.3.    Physical pain suffered in the past;

11.1.4.    Physical pain which, in all reasonable probability, will be suffered in the future;

11.1.5.    Mental anguish suffered in the past;

11.1.6.    Mental anguish which, in all reasonable probability, will be suffered in the future;

*Santana et, al., vs. Transportes Breca SA. DE S.V.*

**Plaintiffs' First Amended Petition**                                    Page 12 of 15

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

11.1.7.    Physical impairment in the past;

11.1.8.    Physical impairment which, in all reasonable probability, will be suffered in the future;

11.1.9.    Disfigurement in the past;

11.1.10.    Disfigurement which, in all reasonable probability, will be suffered in the future;

## 12.    JURY DEMAND

12.1.  Plaintiff respectfully requests a jury trial and has tendered the appropriate fee.

## 13.    PRESERVATION OF EVIDENCE

13.1.  Plaintiff hereby demands Defendants, and any entities or individuals acting in concert with Defendants, preserve and maintain all of the evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including, but not limited to, electronic data, documents, and tangible items responsive to any of the discovery requests made by Plaintiff and also made the subject of any preservation letter delivered to Defendants.

13.2.  Plaintiff hereby also demands Defendants preserve, maintain, and do not alter or modify the vehicle involved in this crash, all its components, and the electronic data stored within this vehicle or data stored elsewhere that pertains to this vehicle.

13.3.  Plaintiff hereby also demands Defendants preserve, maintain, and do not alter or modify all communication devices within the vehicle involved in this crash and

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

the data, images, and recordings created or stored within the communication device or elsewhere.

## 14.    PRAYER

14.1.  Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged in a total amount in excess of $1,000,000.00, such amount being within the jurisdictional limits of this Court.  Plaintiff seeks pre-judgment interest as allowed by Texas law.

14.2.  Wherefore, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, that upon final trial of this cause, Plaintiff recovers:

14.2.1.     Judgment against Defendants for Plaintiff's damages as set forth above;

14.2.2.     Pre-judgment interest on Plaintiff's damages as allowed by law;

14.2.3.     Interest on the judgment at the legal rate from the date of judgment;

14.2.4.     Costs of court, and

14.2.5.     Such other and further relief to which Plaintiff may be entitled.

6/24/2025 9:57 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

Respectfully submitted,

**MALTOS LAW FIRM, PLLC**
5500 UTSA Blvd., Ste. 270
San Antonio, TX 78249
Office:  210/598-8474
Fax:   210/775-5009
Email:  oscar@maltoslaw.com
        diego@maltoslaw.com
        elizabeth@maltoslaw.com
E-Service:  e-serve@maltoslaw.com

By: _____
MANUEL C. MALTOS
State Bar No. 24050985
OSCAR M. HINOJOSA
State Bar No. 24137478
DIEGO J. LEVY
State Bar No. 24115016

*Santana et, al., vs. Transportes Breca SA. DE S.V.*

**Plaintiffs' First Amended Petition**                    Page 15 of 15

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Betancourt on behalf of Oscar Hinojosa
Bar No. 24137478
elizabeth@maltoslaw.com
Envelope ID: 102342589
Filing Code Description: No Fee Documents
Filing Description: No Fee Documents
Status as of 6/24/2025 3:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Diego JoelLevy | | diego@maltoslaw.com | 6/24/2025 9:57:38 AM | SENT |
| Oscar M.Hinojosa | | oscar@maltoslaw.com | 6/24/2025 9:57:38 AM | SENT |
| Elizabeth Betancourt | | elizabeth@maltoslaw.com | 6/24/2025 9:57:38 AM | SENT |



125 E 11th St | Austin, Texas 78701
512.463.8588
txdot.gov

July 3, 2025

Transportes Breca SA. DE S.V.
Carl Bres
Carretera Federal 2 #001 Km 167
Nava Coahuila 26170 Mexico

Re:    GCD No. 51067
       Cause No. 25-02-44280-MCV
       Maverick County
       Plaintiff:  Vanessa Santana, et al
       Defendant:  Transportes Breca SA. DE S.V., Carl Bres

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code,
Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served
with the enclosed Citation and Plaintiff's First Amended Petition on July 1, 2025.

This agency's only role in the process is to serve as an out-of-state defendant's agent for
service of process.  We are unable to answer any questions or respond to correspondence
regarding this lawsuit.  All questions or concerns should be addressed to the attorney noted
below.


General Counsel Division


Enclosures

cc:    Oscar M. Hinojosa
       Attorney at Law
       5500 UTSA Blvd., Ste. 270
       San Antonio, TX 78249
       Telephone (210) 598 8474

U.S. Registered Mail No. RE 451 762 121 US
Return Receipt Requested

**Electronically Filed at**
**7/7/2025 12:00 AM**
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: Liz V Bueno, Deputy**

## AFFIDAVIT OF SERVICE

**State of Texas**               **County of Maverick**               **293rd Judicial District Court**

Case Number: 25-02-44280-MCV

Plaintiff:
**Vanessa Santana Individually and as Next Friend of XXXX  XXXXXXX,
and XXXXX, XXXXXXX. Minor Children**

vs.

Defendant:
**Oscar Macias Suarez and Transportes Breca Sa De S.V.**

Received by Barbara C. Stinnett on the 30th day of June, 2025 at 3:01 pm to be served on **Transportes Breca SA. DE S.V. c/o Texas Transportation Commission, 125 East 11th Street, Austin, TX 78701**.

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **1st day of July, 2025** at **11:23 am, I:**

Delivered true duplicate copies of the **Citation, Plaintiff's First  Amended Petition** with the date of service endorsed thereon by me, to the Texas Transportation Commission, by delivering it to **Carmen Jacquez** at **125 East 11th Street, Austin, TX 78701, Travis County,** as the designated agent for the Texas Transportation Commissioner to accept service of process on behalf of **Transportes Breca SA. DE S.V..** An administrative fee of $25.00 was also tendered.

I certify that I am over the age of 18. I am not a party to the suit, and I am a disinterested person with no interest in the outcome of the suit.

My name is Barbara C. Stinnett. My date of birth is 12/28/1961. My work address is 16 Tournament Way, # 23, The Hills TX
78738. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on the 1st day of July, 2025, by Barbara C. Stinnett, declarant.

**Barbara C. Stinnett**
PSC-24711 06/30/2026

**Davila Civil Process**
**P.O. Box 1733**
**Helotes, TX 78023**
**(210) 275-4485**

Our Job Serial Number: SNN-2025000326
Ref: 25-02-4280-MCV

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Copy from re:SearchTX

Electronically Filed at
7/7/2025 12:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

## CITATION – Personal Service: TRC99

**THE STATE OF TEXAS: COUNTY OF MAVERICK**

ATTORNEY FOR PLAINTIFF OR PETITIONER
**MALTOS LAW FIRM, PLLC**
**OSCAR M. HINOJOSA**
**5500 UTSA BLVD., STE. 270**
**SAN ANTONIO, TX 78249**
**210-598-8474**

### CAUSE NO. 25-02-44280-MCV

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."** *TRCP. 99*

TO:     **TRANSPORTES BRECA SA. DE S.V., DEFENDANT MAY BE SERVED THROUGH J. BRUCE BUGG, JR.-CHAIR OF THE TEXAS TRANSPORTATION COMMISSION, 125 E. 11TH STREET, AUSTIN, TEXAS 78701. THE TEXAS DEPARMENT OF TRANSPORTATION WILL THEN IMMEDIATELY MAIL A COPY OF THE PROCESS BY REGISTERED MAIL, TO DEFENDANT CARL BRES, CARRETERA FEDERAL 2 #001 KM 167, NAVA COAHUILA 26170 MEXICO OR WHEREVER HE MAY BE FOUND**

Defendant, GREETING:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's FIRST AMENDED PETITION** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable JUDGE MARIBEL FLORES, of the 293RD DISTRICT COURT of Maverick County, at the Courthouse at 500 Quarry Street in said County in EAGLE PASS, Texas.

Said **Plaintiff's FIRST AMENDED PETITION** was filed in said court on the 24th day of June, 2025 in this case, numbered 25-02-44280-MCV on the docket of said court, and styled:

**VANESSA SANTANA, INDIVIDUALLY AND AS NEXT FRIEND OF XXXX XXXXXXX AND XXXXX XXXXXXX, MINOR CHILDREN**
**VS**
**OSCAR MACIAS SUAREZ AND TRANSPORTES BRECA SA. DE S.V.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's FIRST AMENDED PETITION** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at EAGLE PASS, Texas, this 27th day of June, 2025.

LEOPOLDO VIELMA, DISTRICT CLERK
293RD DISTRICT COURT
MAVERICK COUNTY, TEXAS

By: _____
**LIZ BUENO, DEPUTY**

Copy from re:SearchTX

Electronically Filed at
7/7/2025 12:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

## Service Return

Came to hand on the _____ day of _____, 20____ , at _____m., and executed on the _____ day of _____, 20____, at _____ M by delivering to the within named **TRANSPORTES BRECA SA. DE S.V.** in person a true copy of this citation, with attached copy(ies) of the _____ at
_____.

[ ] Not executed. The diligence use in finding defendant being
_____
_____

[ ] Information received as to the whereabouts of defendant being _____
_____

| Service Fee: $ | Sheriff/Constable |
|---|---|
|  | County, Texas |
| Service ID No. | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Maverick County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20__.

_____Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

Copy from re:SearchTX

Electronically Filed at
3/5/2025 5:07 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

# AFFIDAVIT OF SERVICE

**State of Texas**              **County of Maverick**         **293rd Judicial District Court**

Case Number: 25-02-44280-MCV

Plaintiff:
**Vanessa Santana Individually and as Next Friend of XXXX  XXXXXXX,
and XXXXX, XXXXXXX. Minor Children**

vs.

Defendant:
**Oscar Macias Suarez and Transportes Breca Sa De S.V.**

Received by Barbara C. Stinnett on the 3rd day of March, 2025 at 2:40 pm to be served on **Oscar Macias Suarez c/o Texas Transportation Commission, 125 East 11th Street, Austin, TX 78701**.

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **4th day of March, 2025** at **11:18 am, I:**

Delivered true duplicate copies of the **Citation, Plaintiff's Original Petition and Original Petittion** with the date of service endorsed thereon by me, to the Texas Transportation Commission, by delivering it to **Carmen Jacquez** at **125 East 11th Street, Austin, TX 78701, Travis County,** as the designated agent for the Texas Transportation Commissioner to accept service of process on behalf of **Oscar Macias Suarez**. An administrative fee of $25.00 was also tendered.

I certify that I am over the age of 18. I am not a party to the suit, and I am a disinterested person with no interest in the outcome of the suit.

My name is Barbara C. Stinnett. My date of birth is 12/28/1961. My work address is 16 Tournament Way, # 23, The Hills TX 78738. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on the 4th day of March, 2025, by Barbara C. Stinnett, declarant.

**Barbara C. Stinnett**
PSC-24711 06/30/2026

**Davila Civil Process**
**P.O. Box 1733**
**Helotes, TX 78023**
**(210) 275-4485**

Our Job Serial Number: SNN-2025000079
Ref: 25-02-4280-MCV

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Copy from re:SearchTX

Electronically Filed at
3/5/2025 5:07 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

## CITATION – Personal Service: TRC99

**THE STATE OF TEXAS: COUNTY OF MAVERICK**

ATTORNEY FOR PLAINTIFF OR PETITIONER
**MALTOS LAW FIRM, PLLC
OSCAR M. HINOJOSA
5500 UTSA BLVD., STE. 270
SAN ANTONIO, TX 78249
210-598-8474**

### CAUSE NO. 25-02-44280-MCV

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."** *TRCP. 99*

TO:     **OSCAR MACIAS SUAREZ- J. BRUCE BUGG, JR.-CHAIR OF TEXAS
        TRANSPORTATION COMMISSION
        125 E. 11TH STREET
        AUSTIN , TEXAS 78701 (SERVICE MAY NOT BE OBTAINABLE AT THIS TIME
        FOR LACK OF ADDRESS)**

Defendant, GREETING:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's ORIGINAL PETITION** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable JUDGE MARIBEL FLORES, of the 293RD DISTRICT COURT of Maverick County, at the Courthouse at 500 Quarry Street in said County in EAGLE PASS, Texas.

Said **Plaintiff's ORIGINAL PETITION** was filed in said court on the 18th day of February, 2025 in this case, numbered 25-02-44280-MCV on the docket of said court, and styled:

**VANESSA SANTANA, INDIVIDUALLY AND AS NEXT FRIEND OF XXXX XXXXXXX AND XXXXX XXXXXXX, MINOR CHILDREN
VS
OSCAR MACIAS SUAREZ AND TRANSPORTES BRECA SA. DE S.V.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's ORIGINAL PETITION** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at EAGLE PASS, Texas, this 24th day of February, 2025.

LEOPOLDO VIELMA, DISTRICT CLERK
293RD DISTRICT COURT
MAVERICK COUNTY, TEXAS

By: _____
LIZ BUENO, DEPUTY

Copy from re:SearchTX

Electronically Filed at
3/5/2025 5:07 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Liz V Bueno, Deputy

### Service Return

Came to hand on the _____ day of _____, 20____ , at _____m., and executed on the _____ day of _____, 20____, at _____ M by delivering to the within named **OSCAR MACIAS SUAREZ** in person  a true copy of this citation, with attached copy(ies) of the

_____ at
_____.

[ ] Not executed. The diligence use in finding defendant being
_____
_____

[ ] Information received as to the whereabouts of defendant being _____
_____

| Service Fee: $ _____ | |
| --- | --- |
| | _____ Sheriff/Constable |
| | _____ County, Texas |
| Service ID No. | _____ Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Maverick County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____, 20__.


_____ Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

Copy from re:SearchTX

**CAUSE NO. 25-02-44280-MCV**

| | | |
|---|---|---|
| VANESSA SANTANA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND OF XXXX | § | |
| XXXXXXX, AND XXXXX XXXXXXX, | § | |
| MINOR CHILDREN | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | 293RD JUDICIAL DISTRCIT |
| | § | |
| OSCAR MACIAS SUAREZ AND | § | |
| TRANSPORTES BRECA SA. DE C.V. | § | |
| *Defendant* | § | MAVERICK COUNTY, TEXAS |

<u>**DEFENDANT, TRANSPORTES BRECA S.A DE C.V.'S ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, **Transportes Breca S.A. de C.V., incorrectly named "Transportes Breca SA. De S.V."** Defendant in the above-styled and numbered cause to file their Original Answer. In support, Defendant respectfully pleads as follows:

**I. GENERAL DENIAL**

1.    Defendant generally denies the material allegations of Plaintiff's First Amended Petition (and any prior pleading or further amendment or supplement thereto) and demand that such be proven by a preponderance of the evidence as required by law before a jury.

**II. DEFENSES**

2.    Further answering, Defendant would show that Plaintiff's damages, if any, were solely caused by matters or conditions not under the control of Defendant, or by conduct of parties over whom Defendant has no control. Defendant affirmatively asserts that at all material times, Plaintiff failed to use that degree of care and prudence that an ordinary and reasonably prudent person would have exercised under the same or similar circumstances.  Defendant would further show that the acts or omissions of the Plaintiff

1

were the sole proximate cause or, in the alternative, a proximate cause of the Plaintiff's alleged damages, if any.

3.      In the alternative, and without waiving the foregoing, Defendant asserts that the injuries and damages complained of were caused in whole or in part by the acts, omissions, conduct or product of parties not related to or under their control. Defendant, therefore, invokes the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, and requests that the jury consider the percentage of fault (if any) of all claimants, all Defendants, responsible third parties and settling persons.

4.      In the alternative, and without waiving the foregoing, Defendant is entitled to a credit or offset for any monies Plaintiff has received or may receive by way of any settlement, loan receipt or other type agreement arising from Plaintiff's claims and causes of action, as allowed by Ch. 33 of the Texas Civil Practice & Remedies Code.

5.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the limitation on recovery of medical or health care expenses found in Texas Civil Practice & Remedies Code §41.0105 to the amount actually paid and/or incurred by plaintiffs.

6.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the limitations on damage recovery found in Texas Civil Practice & Remedies Code §18.091.  Defendant further requests the Court to instruct the jury as required by that statute.

**PRAYER**

WHEREFORE, Defendant **Transportes Breca S.A. de C.V.**, respectfully prays that Plaintiffs take nothing by their causes of action, and for such other and further relief, both at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

_____
Ryan D. Vereen
State Bar No. 24136592
NAMAN HOWELL SMITH & LEE PLLC
10001 Reunion Place, Ste. 600
San Antonio, Texas 78216
Tel: (210) 731-6420
rvereen@namanhowell.com
**ATTORNEY FOR DEFENDANT**
**TRANSPORTES BRECA S.A DE C.V.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served in accordance with the Texas Rules of Civil Procedure on this the 6th day of September 2025, to the following counsel of record:

Manuel Maltos
Daniel Perez
Oscar M. Hinojosa
Maltos Law Firm, PLLC
5500 UTSA Blvd., Ste 270
San Antonio, TX 78249
Office (210) 598-8474
Fax (210) 775-5009
oscar@maltoslaw.com
diego@maltoslaw.com
elizabeth@maltoslaw.com
e-serve@maltoslaw.com
**ATTORNEYS FOR PLAINTIFFS**

_____
RYAN D. VEREEN

4

**Mary Quintanilla**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Saturday, September 6, 2025 4:36 PM |
| **To:** | Ryan Vereen |
| **Subject:** | Filing Submitted for Case: 25-02-44280-MCV; VANESSA SANTANA ,XXXXX XXXXXXX ,XXXX XXXXXXX ,VANESSA SANTANA,XXXXX XXXXXXX,XXXX XXXXXXX VS. OSCAR MACIAS SUAREZ,TRANSPORTES BRECA SA. DE S.V.; Envelope Number:  105293990 |



# Filing Submitted

Envelope Number: 105293990
Case Number: 25-02-44280-MCV
Case Style: VANESSA SANTANA ,XXXXX
XXXXXXX ,XXXX XXXXXXX ,VANESSA
SANTANA,XXXXX XXXXXXX,XXXX XXXXXXX
VS. OSCAR MACIAS SUAREZ,TRANSPORTES
BRECA SA. DE S.V.

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Maverick County |
| **Date/Time Submitted** | 9/6/2025 4:35 PM CST |
| **Filing Type** | Answer/Response |
| **Filing Description** | Defendant Transportes Breca S.A. De C.V.'s Original Answer |
| **Type of Filing** | EFileAndServe |
| **Filed By** | Ryan Vereen |
| **Filing Attorney** | Ryan Vereen |

| Fee Details |
|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay. |
| If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). |

| This envelope is pending review and fees may change. | |
|---|---|
| Case Fee Information | $0.00 |
| Answer/Response | $0.00 |

**Total:**$0.00 (The envelope still has pending filings and the fees are subject to change)

| Document Details | |
|---|---|
| **Lead Document** | Def Transportes Brecas Original State Court Answer 4930-1796-0807 v.1.pdf |
| **Lead Document Page Count** | 4 |
| **File Copy** | [Download Document](#) |
| This link is active for 45 days. | |

For technical assistance, contact your service provider



Need Help? [Help](#)
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

Please do not reply to this email. It was automatically generated.

2

9/8/25, 8:13 AM re:SearchTX - VANESSA SANTANA ,XXXXX XXXXXXX ,XXXX XXXXXXX ,VANESSA SANTANA,XXXXX XXXXXXX,XXXX XXXXXXX VS. OSCAR MACIAS SUAREZ,TRANSPORTES BRECA SA. ...

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/4dc12cff176f40cf953c1a204a2c9163

## Case Information

# VANESSA SANTANA ,XXXXX XXXXXXX ,XXXX XXXXXXX ,VANESSA SANTANA,XXXXX XXXXXXX,XXXX XXXXXXX VS. OSCAR MACIAS SUAREZ,TRANSPORTES BRECA SA. DE S.V.

25-02-44280-MCV

Location
Maverick County - District Clerk

Case Category
Civil - Injury or Damage

Case Type
Motor Vehicle Accident

Case Filed Date
2/18/2025

Judge
JUDGE MARIBEL FLORES

Case Status
Open (Pending)

## Parties 8

| Type | Name | Nickname/Alias | Attorneys |
|------|------|----------------|-----------|
| Plaintiff | VANESSA SANTANA | | HINOJOSA,OSCAR |
| Plaintiff | VANESSA SANTANA | | HINOJOSA,OSCAR |
| Plaintiff | XXXX XXXXXXX | | HINOJOSA,OSCAR |
| Plaintiff | XXXX XXXXXXX | | HINOJOSA,OSCAR |
| Plaintiff | XXXXX XXXXXXX | | HINOJOSA,OSCAR |
| Plaintiff | XXXX XXXXXXX | | HINOJOSA,OSCAR |
| Defendant | OSCAR MACIAS SUAREZ | | |
| Defendant | TRANSPORTES BRECA SA. DE S.V. | | |

## Events 17

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 2/18/2025 | Filing | | CIVIL CASE | 0000006585.pdf |
| 2/18/2025 | Filing | Petition | Petition | 2025-0218 Plaintiff's Original Peititon.pdf |
| 2/19/2025 | Filing | | NOTICE | 0000006865.pdf |
| 2/19/2025 | Filing | Notice | Pretrial Hearing / Docket Control Conference | 44280-MCV.pdf |
| 2/24/2025 | Filing | | REQUEST | 0000007473.pdf |
| 2/24/2025 | Filing | | CITATION PREPARED BY CLERK | 2111095413.pdf |
| 2/24/2025 | Filing | | CITATION PREPARED BY CLERK | 2111095305.pdf |
| 2/24/2025 | Filing | No Fee Documents | No Fee Documents | 2025-0224 Letter to clerk- Citation Maverick.pdf |
| 3/5/2025 | Filing | | RETURN CITATION SERVED | 0000009240.pdf |
| 3/5/2025 | Filing | No Fee Documents | Officers return of service to Defendant Oscar Macias Suarez by serving the Texas Transportation Commission *Documents adcepted by authorized agent, Carmen Jacquez | ROS Oscar Macias Suarez TTC.25-02-4280-MCV.pdf |
| 5/12/2025 | Filing | | NOTICE | 0000020040.pdf |
| 6/24/2025 | Filing | | FIRST AMENDED ORIGINAL PETITION | 0000026706.pdf |

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 6/27/2025 | Filing | | LETTER | 0000027335.pdf |
| 6/27/2025 | Filing | | CITATION PREPARED BY CLERK | 2238110621.pdf |
| 7/7/2025 | Filing | | RETURN CITATION SERVED | 0000028455.pdf |
| 8/5/2025 | Filing | | LETTER | 0000032914.pdf |
| 8/14/2025 | Filing | | NOTICE | 0000034315.pdf |

© 2025 Tyler Technologies, Inc. | All Rights Reserved
Version: 2025.7.4.1459


EMPOWERED BY
TYLER TECHNOLOGIES